LILES, Chief Judge.
This appeal is from a summary judgment entered by the trial judge in favor of ap-pellee-plaintiff, Krauss Air Conditioning, Inc.
Plaintiff entered into a contract with defendants’ principal, Cooper-Tull-Minardi, Inc., a general contractor, who entered into a contract with Hillsborough County to construct a Court House Annex. Plaintiff was a subcontractor to install the heating and cooling systems for the total amount of $330,400. The defendant, Federal Insurance Co., was the surety for Cooper-Tull-Minardi, Inc. upon a perform- *488 anee bond. During the course of the work by plaintiff a temperature panel was destroyed either by fire or by some unknown reason. Cooper-Tull-Minardi, Inc. requested plaintiff to replace the temperature panel and proceed with the work. This plaintiff refused to do. Pursuant to Section 5(b) of the contract between Cooper-Tull-Minardi, Inc. and Krauss, Cooper performed the work itself and backcharged Krauss the sum of $9,695.70, which was the cost of the temperature panel and its installation. Krauss then filed suit against the surety, Federal Insurance Company, for the amount backcharged, together with interest and attorney’s fees. Discovery proceedings were had and both parties, upon affidavits, moved for a summary judgment.
The trial judge granted the plaintiff, Krauss Air Conditioning, Inc., a summary judgment. The judge found among other things that the general contractor for whom defendant was surety improperly back-charged plaintiff because the owner and general contractor had contracted to maintain fire and extended coverage insurance in 100% of the insurable value of the panel in question. This insurance coverage was never obtained by either the general contractor or the owner, and that this failure rendered the surety liable for the amount backcharged.
The court also found that the provisions of paragraph 5(b) of the contract between the general contractor and Krauss were not intended to apply to a situation such as this. That is to say, that Section 5(b), which provides as follows:
“The Sub-Contractor agrees: (b) That should he for any reason fail to prosecute the work according to the progress of the job the Contractor reserves the right to take over and complete the work after three days written notice. All costs so incurred will be paid by the Sub-Contractor.”
does not apply in this instance since the temperature control panel was destroyed and was not such an instance as contemplated by Section 5(b). However, the court went on to say that the general contractor had failed to obtain fire and extended coverage in 100% of insurable value of the panel and since this provision of the contract had been breached plaintiff should recover from the surety.
Appellant has assigned as error the question: Whether the general contractor for whom the appellant was surety improperly backcharged the appellee for the costs of replacement of the destroyed temperature control panel? We believe the trial judge was correct in holding that paragraph 5(b) of the contract between the general contractor and the plaintiff was not intended to apply in instances such as this and that such holding is not a construction of the contract as is questioned in point two of appellant’s assignment of error but simply that paragraph 5(b) was not intended to apply.
Appellant further questions the rendition of a summary judgment by the trial judge and maintains that there was an issue of material fact and that the trial judge erred in finding as a matter of law that there was no genuine issue of material fact. We do not agree with this position. The record is clear from the correspondence and affidavits submitted in support of plaintiff’s request for summary judgment that the general contractor failed to obtain extended coverage which would have protected both the general contractor and the subcontractor-plaintiff as was intended by the agreement entered into between these parties.
This case is a question of fact and the construing of these facts. The trial court properly construed the facts, and while we are reluctant to affirm summary judgments, generally, in this case it was the appropriate ruling. For these reasons we affirm.
ALLEN and MANN, JJ., concur.