HUBBART, Judge.
This is an appeal from two final judgments which inter alia contain a declaratory decree interpreting the rights of the parties under a construction contract between a general contractor and a subcontractor on a school construction project. The decree was entered in favor of the general contractor; the subcontractor appeals.
The issue presented for review is whether a general contractor or a subcontractor must bear the risk of loss as to vandalism damage on construction work required to be done by the subcontractor under a contract between the said parties where: (1) such contract has no provision covering the matter; and (2) the main contract between the owner and the general contractor requires the general contractor to take out vandalism insurance on the construction project. We hold that the general contractor under such circumstances bears the risk of loss on such vandalism damage and reverse.
On May 7, 1969, the Dade County School Board as owner entered into a contract with a general contractor, the defendant International Builders of Florida, Inc., for the construction of a certain school in Dade County, Florida. Among other things, this contract required International to take out vandalism insurance on the construction project.
On May 26,1969, the plaintiff subcontractor Fred McGilvray, Inc. entered into a contract with the defendant general contractor International calling for the installation by McGilvray of certain air conditioning equipment and piping systems in connection with the construction of the above school. This contract was silent on whether the general contractor International or the subcontractor McGilvray should obtain vandalism insurance on the air conditioning and other work called for in the contract.
During the course of construction, certain work completed by McGilvray was vandalized. McGilvray repaired the vandalized work and submitted bills to International for payment in the total amount of $21,-831.70 for the repair work done. International refused payment on such bills.
McGilvray instituted a lawsuit against International based on breach of contract as well as other causes of action for payment on the repair bills. International answered with a general denial and counterclaimed for a declaratory decree that it was not required under its contract with McGilvray to pay for the vandalism damage.
The trial court separated for trial purposes the plaintiff’s breach of contract claim from the other asserted causes of action. At trial on the breach of contract claim, the trial court directed a verdict in favor of International and thereafter entered a judgment thereon. In this judgment, the court also found for International on its counterclaim for a declaratory decree. Subsequently, the court also entered an adverse summary final judgment on the plaintiff’s remaining causes of action save for unjust enrichment. In the same judgment, the court also entered a declaratory decree in favor of International which states in part as follows:
“The Court further declares that by virtue of the contract between the parties the loss of damage to the work of FRED McGILVRAY, INC., was the responsibili *105 ty of FRED McGILVRAY, INC. to repair and redo at its cost and expense.”
The plaintiff appeals from both of the above judgments and contends inter alia that the court erred in finding as a matter of law in its declaratory decree that McGil-vray was to bear the risk of loss for any vandalism damage on McGilvray’s completed work under his contract with International. We agree.
The law is clear that a general contractor bears the risk of loss as to vandalism damage on construction work required to be done by a subcontractor under a contract between the said parties where (1) such contract is silent on who is to bear the risk of loss for such vandalism damage, and (2) the main contract between the owner and the general contractor requires the general contractor to take out vandalism insurance on the construction project. Federal Insurance Co. v. Hillsborough County, 216 So.2d 487 (Fla. 2d DCA 1968).
In the instant case, the contract between International and McGilvray is silent on the issue of who was to bear the risk of loss for any vandalism damage caused to the subcontractor’s work under the said contract. In addition, the contract between the Dade County School Board and International required that International take out vandalism insurance on the construction project. Under such circumstances, it is clear that International must bear the risk of loss for any vandalism damage caused to McGil-vray’s completed work under the contract between International and McGilvray. Accordingly, McGilvray was entitled to a declaratory decree in its favor requiring International to pay for reasonable repair bills incurred by McGilvray on the aforesaid vandalism damage.
In view of the court’s ruling, it is unnecessary to consider the other points raised on appeal by the appellant. The judgment under review are reversed and the cause remanded for the entry of an appropriate declaratory decree in accordance with this opinion.
Reversed.